WARREN v. PORTER.

144    699
154    435

1. NEGLIGENCE—PERSONAL INJURIES—RUNAWAY TEAM — CONCUR-
RING CAUSES—PLEADING.

   The declaration in an action for injuries caused by a runaway
   team alleged that defendants were negligent in permitting a
   servant to drive a team on the streets without providing a
   suitable coupling pin to attach the evener to the tongue of
   the wagon; in permitting a nervous and high-spirited team
   to be driven by a driver incompetent to handle them; in
   permitting such a team to be driven on a street where street
   cars passed; that the driver was negligent in driving one of
   the horses next the street car after being warned not to, by
   reason of which negligence the horses became frightened so
   that the driver lost control of them, and by reason of the
   defective coupling pin giving way they broke from the wagon
   and ran away, injuring plaintiff. *Held*, that of the several
   acts of negligence charged, but two were alleged as concur-
   rent; namely, the allegation of negligence in driving that
   team of nervous, spirited horses near passing street cars,
   which caused them to become frightened and run away,
   breaking from the wagon by reason of the defective coupling
   pin.

2. SAME—VARIANCE.

   In an action for personal injuries caused by a runaway team,
   proof was admitted as to the character of the team, as to the
   driver, and as to his unnecessarily driving one of the horses
   next to a street car after being warned by the regular driver
   not to do so. A defective coupling pin in the wagon was
   also claimed to have been a contributing cause of the run-
   away, but it appeared that the wagon belonged to another
   company to whom defendants were furnishing teams for the
   day, and the court held that defendants' liability extended
   only to the negligent handling of the team by the driver, and
   that if the defective pin was the cause of the injury, plaintiff
   could not recover. *Held*, that defendants could not complain
   on the ground that the defective pin was alleged as a concur-
   ring cause of the accident, and, not being proved, plaintiff
   was not entitled to recover.

3. SAME—CONCURRING CAUSES—NECESSITY OF PROOF.

   It is not necessary for a plaintiff to prove all the acts of negli-

gence alleged. If any negligent act of defehdants is charged, which resulted in the injury to plaintiff, he is entitled to recover, though the declaration charges other acts of defendants as negligent which are not proved, or which may not, in law, be negligent.

4, SAME—EVIDENCE—NOTICE—CHARACTER OF TEAM.
    In an action for personal injuries caused by a runaway team, evidence that the man who sold the horses to defendants told their employé, who did the buying, that the team had run away before he got them, is admissible as against the objection that it is too remote.

5. SAME—TRIAL—INSTRUCTIONS.
    In an action for personal injuries caused by a runaway team, alleged to have run because of the negligence of defendants' driver, and because of a defect in the wagon for which, as appeared from the evidence, defendants were not responsible, instructions examined, and *held*, to properly submit the issues of negligence and proximate cause to the jury.

Error to Ingham; Wiest, J. Submitted July 21, 1905. (Docket No. 125.) Decided July 9, 1906.

Case by William A. Warren, by next friend, against Edgar S. Porter and Lucien D. Driggs, copartners as the Lansing Spoke Company, for personal injuries. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Thomas, Cummins & Nichols*, for appellants.

*Frank L. Dodge* (*Black & Reasoner*, of counsel), for appellee.

MCALVAY, J. Plaintiff, by his next friend, brought suit against defendants for damages for personal injuries received on account of negligence of defendants. Plaintiff, a boy eight years old, was riding on the rear of the wagon, by permission of the driver, along one of the streets of Lansing. A team of horses and driver of defendants was hauling lumber by the day for certain parties from a freight car at the railroad to the mill of said

parties, using their wagons.   On April 20, 1904, this team was driven during the forenoon by John Polhemus, a driver who had had charge of said team for the year they had been owned by defendants, and had driven them most of that time.   In the afternoon of that day this team, by direction of defendants' foreman, was turned over to Arthur Bolton to be driven by him.   Polhemus hitched up the team and turned it over to Bolton, telling him to keep the off horse away from the street car.   Bolton, with another man, started from the car which they were unloading, with a load of about 2,000 feet of hemlock lumber, drove in from the north side, and turned into the street upon which the street car track was located, crossing to the south side of the track and driving west.   Bolton sat upon the left side of the load, driving, when an electric car approached.   The off horse was next to the car track.   The driver stopped the team to let the car pass.   This horse became very much afraid of the car.   He shied and crowded against the other horse.   In plunging and jumping the team became detached from the wagon, pulling the driver off from the load.   They got away from the driver, and ran west.   Coming from behind to the wagon on which plaintiff was riding, and going in the same direction, the horses ran one on each side of it, bringing the evener to which they were attached violently against the plaintiff, crushing one of his legs, which afterwards required amputation.

At the close of the plaintiff's case a motion was made by defendants for the direction of a verdict in their favor for the reasons: That plaintiff's proofs did not tend to show negligence on the part of defendants, and that the declaration alleged defendants to have been negligent in four particulars, (1) that defendants knowingly employed an incompetent driver; (2) that the team was so afraid of street cars, fractious and unmanageable that it was negligence to permit them to be driven on streets where street cars were operated; (3) that the driver was careless in his manner of driving on this occasion; (4) the use of an in-

sufficient and unsafe drawbolt: That no recovery could be had unless the four concurrent acts of negligence averred in the declaration were proved: That from the declaration and opening statement of plaintiff's case it appeared the injury occurred by reason of the concurrence of negligent driving, and the negligent use of a weak and unsuitable drawbolt, and both these acts had not been established. This motion was denied, and defendants proceeded with their proofs. The same motion was made and denied at the close of the case. The case was submitted to the jury, and plaintiff recovered a substantial verdict. The errors relied upon are based upon the refusal of the court to grant this motion, the admission of evidence, refusal to give requests, and certain portions of the charge of the court.

The record shows that the claim of defendants in the argument of said motion raised the question as to whether these allegations are charges of concurrent acts of negligence dependent upon each other. Of the several acts of negligence charged it is clear that but two of them can be claimed to have been alleged as concurrent. The others are separate and distinct allegations of negligence. The two referred to are the allegation of negligence in driving this team of nervous, spirited horses near passing street cars, which caused them to become frightened and run away, breaking from the wagon, to which they were hitched, by reason of a defective coupling pin. It will be well to consider what the declaration charged as negligence upon which recovery was predicated. It was in two counts, in which the allegations of the concurrent acts of negligence do not materially differ. The acts of negligence charged in the second count are as follows:

" Yet, notwithstanding the premises, the defendants, unmindful of the rights of the public, especially in this instance, to wit, the plaintiff, did negligently permit one of its employés, to wit, said Bolton, to drive said team of horses on the streets in the said city without first providing a suitable and proper pin for connecting the evener to

the tongue of the wagon to which said team of horses were attached and driven on said 20th day of April, said pin and coupling then and there used being of a weak and unsuitable character and strength to draw a large load of lumber or other material, the pin making said coupling being one-half inch or less in diameter, so that the same readily gave way and permitted said team of horses to more readily escape and become detached from said wagon and run away, as in this instance, at the time and place and on the date aforesaid; that said defendants were grossly negligent in permiting said team to be driven on Franklin avenue, it being one of the principal and most frequently traveled streets or avenues in said city, by said Bolton, who was inexperienced with said team and incapable and incompetent of driving them with due and proper regard for the care and safety of the public, to wit, the plaintiff; that defendants were negligent in permitting said team of horses to be driven where street cars pass and repass on said avenue at the time and place aforesaid; that the defendants, their servants, and employés were negligent and unmindful of their duty to the public and public safety in undertaking to drive said team of horses on said 20th day of April upon said avenue, where street cars were then and there being operated; that the said defendants by its employés, to wit, said Bolton, were grossly and recklessly negligent in attempting to drive said Rob horse on the off or inside and next to said street cars operated as aforesaid, by reason of which negligence both of said horses became and were greatly frightened, so that the driver, said Bolton, lost control of them, and by reason of said defective coupling pin giving way caused them to readily break away from the wagon to which they were hitched and run away as aforesaid.   *   *   *"

Proof was admitted as to the character of this team, as to the driver, Bolton, and how he handled the team after the caution by the regular driver; that he crossed the track and drove on the left-hand side with this horse, Rob, near the passing street car. It appeared in the case that this wagon, together with the coupling pin, belonged to the Rikerd Lumber Company, for which defendants' team and driver were working that day hauling lumber, and the court held that the negligence as to the unsafe coup-

ling pin was not the negligence of defendants, and could not be charged to them, and, if injury was shown to be caused by the claimed negligence in driving and handling the team by defendants' driver, such negligence would be the proximate cause; that if the injury was not caused by such negligence merely, but was caused by the defective coupling pin, plaintiff could not recover. This view of the trial judge, upon which the case was finally submitted to the jury, was one of which defendants cannot complain. There was no error in refusing to direct a verdict for defendants.

It was not necessary for plaintiff to prove all the acts of negligence alleged. If any negligent act of defendants is charged which resulted in the injury to plaintiff he is entitled to recover, although the declaration may have charged other acts of defendants as negligent which are not proven, or which may not in law be negligent. *Smith v. Railroad Co.*, 100 Mich. 153.

There is but one assignment of error as to the admission of evidence, and it related to the testimony admitted relative to a statement made to Polhemus, who purchased the team for defendants, by the man who was selling, that they had run away once, as he had been informed by the former owner. It is objected to as too remote. It bore upon the character of the team and tended to show notice to the defendants of the care and caution necessary to be exercised in using them. We do not think this was error.

The remaining errors assigned relate to the refusal of the court to give certain charges as requested by defendants, and to portions of the charge as given. The second, fourth, and tenth requests to charge relate to the contention that plaintiff relied upon concurrent dependent acts of negligence which were not proved. This has already been considered in sustaining the action of the court in not directing a verdict for defendants. The charge of the court upon the questions of negligence in this case, so far as it is necessary to here give it, was as follows:

"Now for the plaintiff to recover in this case it is necessary for the proofs to show that the accident was caused by the negligence complained of, and that the negligence complained of resulted from a want of proper care on the part of the defendants.

"When you come to consider the evidence in the case upon the question of whether the negligence complained of has been established, you will consider all of the evidence, and you will draw reasonable inferences from the evidence. You will keep in mind that in order for the plaintiff to recover, you must be satisfied of those elements necessary to establish his case as pointed out by the court, and that he has established all of those elements by what is known in the law as a preponderance of the evidence. * * *

"Now, gentlemen, what caused this team to become unmanageable? What caused it to get away from the driver? Was it from fright caused by the street car because of the fact that the driver was on the south side of the track instead of upon the north side? Was that the reason? If it was, and you find further from the evidence that the driver knew or should have known from his acquaintance with the team that by driving them upon that side of the street they would become frightened and might get away from him, then actionable negligence has been shown on the part of the defendants. Was it by the fright caused by the street car or was it because of the giving way of the pin that held the evener to the tongue. If, as I said before it was the fright caused by the street car that caused them to run away and get beyond the control of the driver, then that would be negligence, provided the driver knew or should have known that he had no business to be upon that side of the street because the horse would be afraid of the cars and an ordinarily prudent man would not have gone where he did that day.

"But if, on the other hand, the accident was not caused merely because of the fright, but was caused by the giving way of the pin that held the evener to the tongue, then, gentlemen of the jury, actionable negligence has not been shown against the defendants in this case. * * *

"If the accident was caused by some one of the acts of negligence alleged and the proof shows that the act was the sole cause that brought about the accident and that act was the result of defendants' negligence, then the defendants are to be held responsible. The fact that causes

are alleged for the accident that the proofs show did not cause it, does not defeat plaintiff's right, if some one of the causes alleged has been proven to have caused it. If the acts proved did not alone cause the accident or you are unable to say from the evidence and the preponderance of it, that they did, then plaintiff's case fails. The plaintiff must establish the fact that the accident was the result of the acts of negligence complained of or some one of them, and if you are unable to find that the accident was caused by the acts complained of or some one of them for which defendants are responsible then the plaintiff's case fails.

" In employing this driver and for his acts the defendants were not bound to take such care as would preclude all possibility of accident; that is not the rule. No higher degree of care could be expected of the driver than would have been expected from the owners of the team, and had they themselves been in charge of it the rule would be and the rule is that they would be bound to exercise the care that an ordinarily prudent man would be expected to use under like circumstances.  *   *   *

"At the request of the plaintiff in this case I charge you as follows: The plaintiff claims to recover damages for an injury caused by the negligence of defendants' servant, Arthur J. Bolton. I charge you that, if the accident in question was due to, and in consequence of, the failure of said Bolton to exercise ordinary care, then the plaintiff can recover damages done, as it is conceded that at the time of the accident in queston, Bolton was in the employment of the defendants and in driving the team at that time he was in this discharge of his duties as the defendants' servant.  *   *   *

"And you are not to forget the instruction I gave you relating to the pin that holds the evener.  *   *   *

"At the request of the defendants I charge you as follows: In this case the plaintiff alleges that he was injured because of certain negligent acts of defendants. The burden is upon the plaintiff of establishing by a preponderance of the evidence that the defendants were negligent in the particulars alleged in their declaration (or some of them) and that such negligence was the proximate cause of the injury to plaintiff.

"The presumption is that the defendants exercised due care in the employment of the driver Bolton. In this respect, as in all others, negligence must be proven by the plaintiff. Defendants are not required to introduce evi-

dence to show carefulness in this respect until the plaintiff has introduced some proof tending to show lack of reasonable care. In order to support an allegation of negligence in the employment of an incompetent or unskillful driver, plaintiffs would have to prove by a preponderance of the proof that the driver was not a reasonably competent and skillful driver, and that defendants knew such to be the case or by the exercise of reasonable care should have known it."

Plaintiff claimed to recover solely on the ground of the negligence of defendants' driver, Bolton, and upon this claim the case was submitted to the jury by the court with proper instructions as to what would constitute such negligence and that such negligence must be the proximate cause of the injury. The charge was given carefully and correctly stated the law of the case. The requests to charge which were not given were properly refused. They were either covered by the main charge or eliminated from the case by the fact that the negligence relied upon was that of the defendants' driver.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.