JAWORSKI *v.* DETROIT EDISON CO.

1. NEGLIGENCE — ANTICIPATING SUBSEQUENT OCCURRENCE — PROXIMATE CAUSE.

If a person does an act and knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury.

2. SAME — PILING POLES IN A WAY ATTRACTIVE TO CHILDREN — DEATH — LIABILITY — QUESTION FOR JURY.

In an action for the death of plaintiff's decedent, a boy 8 years of age, where defendant's servants piled heavy poles in the street between the sidewalk and the curb, in a thickly-populated neighborhood, in such a way that the top one was so nearly evenly balanced that it teetered, and, while children were playing thereon, became displaced and rolled upon and injured decedent, who was standing in the street watching them, the question as to whether defendant was negligent and should have anticipated that injury might result, was properly submitted to the jury.

3. SAME — TRIAL — EVIDENCE OF NEGLIGENCE ON OTHER GROUNDS THAN SUBMITTED.

Any error in the admission in evidence of a city ordinance prohibiting the deposit of any material in a public street without a permit from the board of public works and a statement by the trial judge of plaintiff's claim in relation thereto, *held*, harmless, where the court submitted the case to the jury upon the one ground of negligence, viz., whether the poles were negligently piled and whether defendant should have anticipated that what did happen was likely to happen.

4. SAME.

In personal injury cases it is not error to admit proof upon several grounds of negligence, if alleged in the declaration, and at the close narrow the issue to one ground only.

On the doctrine of attractive nuisance generally, see note in 19 L. R. A. (N. S.) 1094.

On the doctrine of attractive nuisance as applied to telegraph poles, see note in L. R. A. 1915D, 168.

Error to Wayne; Goff (John H.), J. Submitted January 27, 1920. (Docket No. 87.) Decided June 7, 1920.

Case by Agnes Jaworski, administratrix of the estate of George Jaworski, deceased, against the Detroit Edison Company for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Oxtoby & Wilkinson,* for appellant.

*Dohany & Dohany,* for appellee.

SHARPE, J. Agnes Jaworski, as administratrix of her son's estate, recovered judgment in the Wayne circuit court against defendant for its negligence in causing the boy's death. Defendant is a public service corporation engaged in the business of furnishing electric light and power to the people of Detroit and vicinity. It has a franchise from the city of Detroit, which permits it to erect poles and string wires thereon to convey its product. Being desirous of erecting some new poles in the vicinity of Orleans street and Garfield avenue, it deposited three poles side by side on the grass plat between the sidewalk and curb on the west side of Orleans street. Three days later it placed another pole on top of the other three. The top pole was curved slightly near the center and this furnished a bearing which so nearly balanced the pole, as it lay on the others, that it could be, with ease, swung in either direction. Within a few hours after the fourth pole had been so placed several young boys whose ages ranged from 12 years down, and who resided in the neighborhood, began to swing it and use it as a teeter. About this time plaintiff's intestate, who was a lad of 8 years, was passing this point on his way to do an errand for his mother. Seeing the

boys playing with the poles he halted for a moment in the street to watch them. While standing there the boys lost control of the pole and it rolled into the street and against and on to the deceased, and injured him so seriously that he survived less than an hour thereafter.

While several grounds of negligence were stated in the declaration, the ones principally relied upon by plaintiff on the trial were:

(a) The piling of the poles in such a negligent manner that they became a nuisance and attractive to children.

(b) The placing of the poles in the street in violation of the city ordinance.

Testimony was admitted covering these and other allegations of negligence, but the court eliminated all the grounds but one when he instructed the jury, and that was whether the poles were piled in such a negligent manner as to be attractive to children. Defendant, at the close of the testimony, requested a directed verdict on the ground that there was no negligence of defendant shown which was the proximate cause of the injuries. The court denied the motion and defendant assigns error thereon.

1. The record shows that Orleans street, in the vicinity where the poles were deposited, is densely populated, and that many children reside in the neighborhood. It appears to be conceded that the poles were upwards of 40 feet long, and weighed between 600 and 700 pounds. It appears to be further conceded that the poles were placed there by the agents and servants of defendant. The question, therefore, arises under plaintiff's contention, whether they were so carelessly and negligently piled as to be attractive to children, and whether a reasonably prudent person would have anticipated that children in the vicinity would be likely to play with them and might be injured in so doing.

As illustrating the principle of liability contended for by plaintiff, it was said in *Tozer* v. *Railroad Co.,* 195 Mich. 666, that:

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen,' injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury."

The case of *Jensen* v. *The Joseph B. Thomas,* 81 Fed. 578, is cited with approval in the *Tozer Case,* and the following statement of the case made:

"The plaintiff was at work in the hold of the vessel. The hatch covers were piled up by the hatchway, under which the plaintiff was at work. A keg was placed upon the covers and this keg was precipitated upon the plaintiff by reason of some person stepping upon the covers. *Held,* that the defendant was liable."

In 1 Thompson on Negligence (2d Ed.), § 68, the rule is stated in this wise:

"Where the injury is the combined result of the negligence of defendant, and an accident for which neither plaintiff nor defendant is responsible, the defendant must pay damages, unless the injury would have happened if he had not been negligent."

The trial court submitted the case to the jury on the principle of these authorities, and in so doing said in part:

"If you find from the evidence that, on the afternoon of April 13, 1916, the defendant's employees placed said pole which injured the intestate, in such a position, on top of the other poles, that the same was nearly evenly balanced, and that the same could be easily displaced by children at play, and that this was a thickly-populated neighborhood; and further find that, owing to the manner in which said poles were piled, they were very attractive to children, and

that, owing to the place and manner in which said poles were piled, said children were attracted to said pile of poles, and were playing on and about the same, thereby causing the pole in question to roll outward to and against plaintiff's intestate, and caused injuries which resulted in his death; and further find that the defendant was guilty of negligence in placing the poles as above described; and further find that plaintiff's intestate was free from contributory negligence; then the defendant is liable therefor."

We think this was the proper application of the foregoing rule to the facts as they appear in the record. It is, we think, common knowledge that almost any contrivance which may be used by young children as a whirligig or teeter is attractive to them. The record shows that in the condition in which the top pole was left, resting on the others, it could be utilized for either purpose. It is quite evident from the record that defendant itself regarded this as an improper manner in which to pile them, as it had promulgated a rule prohibiting it. Testifying on this subject, Mr. Widman, defendant's superintendent, said:

"I promulgated rules with regard to how poles should be laid and where they should be laid. * * * And in those rules I specified that if poles should be laid on a highway in a thickly populated district, that they should not be piled one on top of another so that the uppermost would balance. * * * I did this so that they would be in no danger of being disturbed or pulled out, so that there would be no danger of the topmost pole rolling out into the yard and injuring people. That was the danger I had in mind guarding against when I established that rule."

We think the trial court was fully justified in refusing to direct a verdict in defendant's behalf. The testimony clearly raised an issue of fact as to defendant's negligence.

The principle upon which the case was given to the jury is involved in a class of Michigan cases repre-

sented by *Powers* v. *Harlow*, 53 Mich. 507 (51 Am. Rep. 154). They have not been cited because in nearly all of them the element of trespass was involved. That element is not present in the instant case. Plaintiff's intestate was in the street, where he had a right to be, and no claim is made that he was meddling in any manner with the poles. The case more nearly resembles *Kruis* v. *Railway Co.*, 190 Mich. 105.

2. Error is assigned because the trial court admitted in evidence an ordinance of the city prohibiting the deposit of any stone, timber, lumber, planks, boards, bricks or other material in the public street except under permission from the board of public works. Counsel objected to its admission and afterwards moved to strike it out, claiming that it was immaterial because it appeared that defendant had a franchise permitting it to erect poles and wires, and that this right would carry with it the further right to deposit them in the street for a reasonable time before setting them. Counsel raise this question in various ways and devote much of their brief in arguing its inadmissibility.

We are not impressed with the seriousness of this complaint, by reason of the fact that the trial court excluded this ground of negligence, when he submitted the case to the jury. It is true, as counsel suggest, that in stating the several claims of the plaintiff to the jury, he told them that plaintiff claimed that "defendant knew, or should have known, that the placing of said poles at the point aforesaid was in violation of the ordinances of the city of Detroit"; but after stating the claim no further reference to it was made in the charge. Following this the trial court instructed the jury precisely what they must find in order to reach the conclusion that defendant was guilty of negligence. In fact, he submitted the case upon the one ground of negligence, namely;

whether the poles were negligently piled, and whether defendant, when it so piled them, should have anticipated that what subsequently did occur would be likely to occur. The charge in its entirety made it very clear to the jury that a recovery could be had only upon one ground, and that ground was made plain to them. In view of this we are unable to 'see how the admission of the ordinance was harmful to defendant, even if it be conceded that it was not admissible. It is not uncommon, in personal injury cases, to admit proof upon several grounds of negligence, if alleged in the declaration, and at the close narrow the issue to one ground only, as was done here. See *Warren* v. *Porter*, 144 Mich. 699; *Lepard* v. *Railroad Co.*, 166 Mich. 373 (40 L. R. A. [N. S.] 1105).

There are other errors alleged but we have considered them and are not of the opinion that there is anything in them which should work a reversal of the case.

The judgment of the trial court is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and CLARK, JJ., concurred. BIRD, J., did not sit.