BRAENDLE v. DRUM.

SAME v. SAME.

SAME v. SAME.

SAME v. SAME.

1. Appeal and Error—Directed Verdict.

In reviewing judgment on directed verdict in favor of defendant, testimony must be considered in light most favorable to plaintiffs.

2. Motor Vehicles—Negligence—Proximate Cause—Questions for Jury.

Where bus driver, on dark, rainy night, turned out to left-hand side of pavement to pass car in front of him, causing a car coming from the opposite direction to swerve in front of plaintiffs' car, which resulted in collision and injuries to plaintiffs, questions as to whether bus driver was guilty of negligence under the circumstances, and, if so, whether such negligence was the proximate cause of the accident, should have been submitted to the jury.

Error to Wayne; Smith (Henry H.), J., presiding. Submitted April 7, 1931. (Docket No. 1, Calendar No. 35,452.) Decided June 1, 1931.

Separate actions of case by Minnie Braendle, Donna Braendle, Samuel E. Braendle, and Gordon George Braendle against A. L. Drum, receiver of Peoples Motor Coach Company and Detroit United Railway, and another for personal injuries sustained by the several plaintiffs in an automobile collision. The cases were heard together. Plaintiffs bring error from directed verdict and judgment for defendant Drum. Reversed, and new trials granted.

*Walter M. Nelson (Willard McIntyre,* of counsel), for plaintiffs.

*Bishop & Weaver,* for defendant Drum.

SHARPE, J.    These cases were tried together and have been so submitted in this court.    At the conclusion of plaintiffs' proofs, the defendant receiver moved for a directed verdict, and, on the trial court announcing that he felt compelled to grant such motion, the plaintiffs asked, and were permitted, to withdraw a juror, and the cases were continued as to the defendant Yeip.    Plaintiffs review the judgments entered on the directed verdicts by appeal.

There is little dispute about the facts, but they must be considered in the light most favorable to plaintiffs.    About 9 o'clock at night on September 4, 1926, the plaintiffs were riding in an automobile towards the east on Grand River avenue a few miles west of Farmington.    The night was dark and rainy, and there were no lights on the highway except those on the cars passing thereon.    William Voght and his wife were riding in a car about 25 feet in the rear of plaintiffs' car, and a "Blue Goose" bus of the Peoples Motor Coach Company or Detroit United Railway had been following the Voght car for a considerable distance.    These cars were traveling at a speed of about 25 miles per hour.    The paving was about 18 or 20 feet in width, and the shoulders quite narrow.    The bus turned to the left and drove up alongside of the Voght car.    At this time a car approached from the east, driven by the defendant Yeip, and traveling at about 27 miles per hour.    Yeip testified:

"When I was just about three car lengths in front of the Braendle car all at once the Blue Goose bus

sort of came down the left-hand side and I slammed on the brakes and my car made a complete circle. My car swung around to the right, completely around. That threw me right over on the left-hand side of the road in the path of Dr. Braendle's car. I was approximately three car lengths distance from Dr. Braendle's car when my car began to swerve. There wasn't any room there for Dr. Braendle's car to avoid my car as it swung around. He didn't have a chance.

"My car got hit on the right-hand side at the door by the left-hand front corner of Dr. Braendle's car. There was a fellow riding with me.

"When the two cars came together I saw Dr. Braendle come half through the windshield and Mrs. Braendle went out head first on the pavement right in between the two cars, that is my car and their car. Both cars stopped. I saw the Voght car turn out to the right and go to the ditch.

"When everything had come to a stop I noticed the passenger bus had come practically to a stop right abreast of the Braendle's. The front of the bus was parallel or even with the front of the Braendle car but it wasn't completely stopped there, though."

As a result of the collision, the plaintiffs were injured, and these actions were brought to recover the damages incident thereto.

The question presented on the motion to direct a verdict was whether, under the circumstances, it was negligence on the part of the driver of the bus to turn to the left and attempt to pass the Voght car, and, if so, whether such negligence was the proximate cause of the collision and the injuries to the plaintiffs resulting therefrom.

Had the driver of the bus been watchful, as it was his duty to be, in view of the darkness and the condition of the pavement at the time, due to the rain

which was falling, he would necessarily have seen the approach of the car driven by Yeip when he turned out to pass the Voght car. By doing so he occupied that part of the pavement which Yeip would necessarily travel on in passing the three cars. He could not have planned on taking a position behind the Braendle car as the distance between it and the Voght car was only about 25 feet. These facts being considered, the jury might well have found that the driver was guilty of negligence in turning his bus to the left at the time he did. .

In our opinion they might also have found that his negligence in this respect was the proximate cause of the collision. *Tozer* v. *Railroad Co.,* 195 Mich. 662, 666; *Jaworski* v. *Detroit Edison Co.,* 210 Mich. 317, 320; *Butrick* v. *Snyder,* 236 Mich. 300, 308.

When Yeip saw the bus approaching on the same side of the road on which he was traveling, and when he was but a short distance from the Braendle car, he testified that he applied his brakes, and, due to the slippery condition of the pavement, his car skidded and turned around and in the path of the Braendle car. The driver of the bus could but have expected that Yeip would make an effort to stop his car to avoid a collision with the bus, and the jury might have found that by the exercise of reasonable foresight he should have known that, if Yeip did so, his car was likely to skid and collide with the Braendle car.

The action of the trial court was doubtless based on the testimony of Gordon George Braendle, who stated that Yeip, when about two car lengths from the car he was driving, suddenly swerved to the left and came in collision with his car. But, as before

stated, the testimony must be viewed in the light most favorable to plaintiffs, and, when so considered, presented issues of fact as to the negligence of the driver of the bus and as to such negligence being the proximate cause of the injuries plaintiffs received.

The judgments are reversed, with costs to plaintiffs, and new trials granted.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.