PHILIP WAX, A MINOR, BY WILLARD WAX, HIS PROCHEIN AMI, *v.* CITY AND COUNTY OF HONOLULU.

No. 2335.

SUBMITTED JUNE 8, 1937.                    DECIDED AUGUST 3, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

The evidence of plaintiff in this case admits of the following findings of fact: Plaintiff was injured while at play in Manoa Park by a length of Hawaiian Hume pipe which two of his companions by their own physical exertions, had dislodged and caused to roll down a decline against plaintiff; all of the children involved, including plaintiff, were from eight to nine years of age; the pipe involved in the injury was eighteen inches in diameter, eight feet long and weighed approximately 850 pounds and had been placed in the park by the servants and employees of the city and

county for use in the construction by it of an underground conduit in an abutting street; the pipe, prior to its being dislodged, lay so that, if dislodged, it would normally roll down the adjoining decline in the park grounds; Manoa Park at the time was a public park admittedly "owned and controlled by the City and County of Honolulu" where children were accustomed to play and the pipe in question had been left unscotched except for some stones two or three inches in size taken from the excavation for the conduit.

There was a verdict for plaintiff. The exceptions of defendant-appellant present the following grounds for reversal: (a) That the defendant was not guilty of negligence; (b) that if negligent such negligence was not the proximate cause of the injury; (c) that plaintiff was guilty of negligence directly and proximately contributing to his own injury and (d) that the court erred in instructing the jury that if they found that the defendant by its agents or servants placed in the park a piece of pipe of the length and weight which caused the injury "in such a position that * * * [it] might be easily dislodged and in such position that it would normally, if dislodged, roll down a hill, and if * * * such a pipe would be normally attractive to children for purposes of play and that such fact could have been reasonably anticipated by defendant then and in such event it was the duty of Defendant in placing said pipe to use reasonable precautions so that said pipe would be reasonably safe from being easily dislodged." It is to the words "normally attractive" and the words "easily dislodged" that the defendant particularly objects.

(a) Where a municipality owns and controls public parks there is imposed upon it the legal duty to use ordinary care to keep such parks in a reasonably safe condition for the public rightfully using the same. (43 C. J., T. Municipal Corporations, § 1936, p. 1170.) Failure to do so constitutes negligence. (*City of Canon City* v. *Cox,* 55

Colo. 264, 133 Pac. 1040, 1042; *Ramirez* v. *City of Cheyenne,* 34 Wyo. 67, 241 Pac. 710, 714, 715.) And if the corporate or private functions of the municipality include the control and maintenance of public parks, the municipality is liable for a failure to observe its duty in that respect where its negligence is the proximate cause of an injury. Defendant makes no claim for exemption from liability for negligence upon the ground that the municipality in owning and controlling public parks was exercising governmental or public functions. A municipality may be guilty of a breach of its legal duty as a result of nonaction as well as of action. Moreover, nonaction to constitute a legal causation need not cause the injury in direct and natural sequence but may create a situation requiring the intervening concurrent action of another or others to produce the resulting injury. The creation of a dangerous situation which must be acted upon by others before producing the injury is an instance. As long as the concurring intervening agency is foreseeable and the dangerous situation preventable by the performance of the omitted act, nonaction or failure to perform the omitted act constitutes negligence.

But negligence is relative. What may be characterized as due care under one set of circumstances may constitute negligence under another and different set of circumstances. So where, as here, the alleged negligence was the failure to take precautions reasonably necessary to prevent a pipe such as caused the injury from being easily dislodged from a position where it would normally, if dislodged, roll down the decline in the park, the presence or absence of negligence depends for its solution primarily upon the person or group of persons to whom the duty is due, his or their age and discretion, the inherent qualities of the pipe, the *locus in quo,* in short all the attendant circumstances "because upon such facts * * * depend[s] the degree of care which prudence would suggest as reasonably necessary to

guard others against injury." *Barrett* v. *Southern Pacific Co.,* 91 Cal. 296, 302, 27 Pac. 666, 667.

Municipal parks in addition to their esthetic value are natural playgrounds for children. It is essentially for their use that public parks are established and maintained. Hence it is that the degree of care required of the municipality to keep its public parks in a reasonably safe condition for children must be consistent with its use by children possessing only the instincts and lacking in the discretion and restraint by which their immaturity is marked. "It is a matter of common experience that children of tender years are guided in their actions by childish instincts, and are lacking in that discretion which is ordinarily sufficient to enable those of more mature years to appreciate and avoid danger, and in proportion to this lack of judgment on their part, the care which must be observed toward them by others is increased." *Barrett* v. *Southern Pacific Co., supra,* pp. 302, 303. (See also *Powers* v. *Harlow,* 53 Mich. 507, 19 N. W. 257.) Not the least of childish instincts is the proclivity to intermeddle with objects or devices which excite their curiosity or suggest means of amusement. And if it may be reasonably anticipated that children might resort for amusement to, or intermeddle with, an object or device, left unguarded in a public park, to the injury of themselves or others and ordinary prudence would counsel precautionary measures to prevent such injury, nonaction in that respect would constitute negligence for which the municipality would be liable where such negligence was the proximate cause of an injury. (*Ramirez* v. *Cheyenne, supra.*)

The pipe lay immediately adjoining a decline in the grounds of the park. It was in such a position that it would normally, if dislodged, roll down the decline. The inherent qualities of the pipe admitted of its rolling down the decline unaided. If dislodged it was inevitable that it would

roll down the decline. Ordinary prudence counseled precautions against the pipe being set in motion from any cause. Moreover the servants and employees of the city and county knew or were charged with knowledge that children were accustomed to play in this park. They were chargeable with knowledge of the attributes of children. Two of the employees of the city and county testified that they scotched the pipe with irregular concrete blocks, each weighing about eighteen pounds, using three blocks for each side of the pipe. The plaintiff's evidence was to the effect that no such blocks had been used and the only apparent means of scotching the pipe were some small stones taken from the excavation for the conduit. The pipe was dislodged by the physical exertion of but two of the children. The finding of the jury negatived the use of any concrete or of concrete blocks of the size claimed or of the use of adequate preventive measures and is tantamount to a finding that the city and county failed to take such precautions as an ordinarily reasonable and prudent person would have taken under the circumstances of the situation.

(b) But in order to attach liability to the city and county it must also appear that the failure to observe precautions was the proximate cause of the injury complained of. It is not sufficient to merely show that the municipality failed to take the precautions necessary to prevent the pipe from being dislodged and rolling down the decline. It must further appear that there existed a causal relation between such failure on its part and the resulting injury. The defendant maintains that the sequence or continuity between the alleged negligent act and the injury was broken and that the negligence of the children in dislodging the pipe constituted a new, intervening, independent and volitional cause of the injury to plaintiff for which they or those responsible for them and not the city and county are liable. This might be so if the act of dislodging the pipe was the

act of a responsible agent. But where the intervening agency is children of an age and immaturity incapable of appreciating the danger involved the most that can be said is that said agency was a concurring cause and that the failure to properly scotch the pipe was the responsible or proximate cause of the resulting injury. Where a legal cause for an injury is found to exist, succeeded by an intervening wrongful act, before it can be said that the sequence or continuity between the former and the resulting injury is broken and that the latter constitutes a new, intervening, independent and volitional cause of the injury, it must affirmatively appear that the succeeding wrongful act is the act of a responsible agent. The record on appeal does not include all of the instructions given by the court. But in the absence of any showing to the contrary the verdict is capable of the inference that the jury found that the concurring cause of the injury was the act of irresponsible children and that the negligence of the defendant and not the concurring act of plaintiff's companions was the direct and proximate cause of the injury. (See *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 138 Pac. 712; *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317, 178 N. W. 71; *Lane* v. *Atlantic Works*, 111 Mass. 136.)

(c) From what has been said it must be apparent that the instruction complained of was not error. It committed to the determination of the jury all of the factual elements involved in the legal duty resting upon the city and county. Whether or not the pipe might be "easily dislodged" was an element to be considered by it in determining whether or not under the circumstances reasonable precautions had been observed to prevent it from being dislodged from a position where it would normally roll down the adjoining decline. Nor did the court confound the legal duty resting upon the defendant with that resting upon owners of "attractive nuisances" toward trespassing children. Whether

the pipe was "normally attractive to children for purposes of play" was an element to be considered by the jury in determining whether or not an ordinarily careful and prudent person would anticipate that children might resort to the pipe for purposes of play or intermeddle with it and thus dislodge it from a position where it would normally, if dislodged, roll down the hill. If anything, the instruction was more favorable to the defendant than that to which it was entitled.

(d) Whether or not the plaintiff was guilty of negligence directly and proximately contributing to his own injury was left to the determination of the jury presumably under proper instructions. The care and caution for its own safety that one may expect of a child of tender years, similarly as the care that others must exercise for safeguarding him from harm, depends upon his maturity and capacity to appreciate danger and act upon it. And the determination of that question is one peculiarly within the province of a jury. It would serve no useful purpose to attempt to justify the verdict by a recitation of the evidence. It is sufficient to say that at the time of the accident the plaintiff was from eight to nine years of age and the jury by its verdict decided that he had not arrived at that maturity and capacity to be responsible for his own acts similarly as in the case of an adult. We see no reason to disturb the verdict on that score.

The exceptions are overruled.

*Henshaw & Ouderkirk* for plaintiff.

*W. C. Tsukiyama,* City and County Attorney, and *J. R. Desha,* Deputy City and County Attorney, for the City and County.