JILL ELAINE PETERSEN, a minor, by LOUISE PETERSEN, as her next friend; WAYNE A. PETERSEN and LOUISE PETERSEN, Plaintiffs-Appellants, *v.* CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant-Appellee

No. 5113

April 17, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

This suit, brought on behalf of Jill Petersen, a minor, arises from an accident which occurred at Hanauma Bay, a park near Honolulu owned and managed by the City and County of Honolulu. The accident occurred when plaintiff, who was just under two years of age at the time, stepped on coals in or near an open barbecue pit and was badly

burned.

In her suit against the county, the jury returned a verdict for the county, specifically finding that it had not been negligent. After the verdict was returned, plaintiff moved for a new trial on the ground that the verdict was against the weight of the evidence. Plaintiff appeals from the court's denial of that motion.

Both of the parties assume that the plaintiff's failure to move for a directed verdict at the close of the case precludes her from arguing on appeal that a new trial should have been granted. We do not agree.

Though the plaintiff failed to move for a directed verdict she did not waive her right to move for a new trial, because the two motions raise separate issues. The motion for a directed verdict asks the trial court to rule that the movant's opponent has introduced so little evidence to support a verdict in his favor that the case does not raise a jury question. The motion tests the sufficiency of the evidence to create a jury question. If there is any substantial evidence which might support a verdict for each side, the case should be submitted to the jury. *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969).

A motion for a new trial, on the ground that the verdict is against the weight of the evidence, makes a more limited claim. The movant need not convince the court to rule that no substantial evidence supports his opponent's case, but only that the verdict rendered for his opponent is against the manifest weight of the evidence. Thus, if each party has introduced enough evidence to make a jury case, but one party's evidence clearly outweighs the other party's evidence, a motion for a new trial could be granted even though a motion for a directed verdict would have to be denied. Since the motions for a directed verdict and for a new trial on the ground that the verdict is against the weight of the evidence raise different issues, a party's failure to move for a directed verdict cannot be deemed a waiver of the right to appeal from the trial court's denial of a motion for a new trial. *Oliveras v. American Export Isbrandtsen Lines,*

*Inc.*, 431 F.2d 814, 816-17 (2d Cir. 1970), *Georgia-Pacific Corp. v. United States*, 264 F.2d 161, 165-66 (5th Cir. 1959).[1]

Nor do we believe that a trial court's denial of a motion for a new trial is essentially unreviewable, as has been indicated in some cases. *See, e.g., United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 247-48 (1940); *Portman v. American Home Products Corp.*, 201 F.2d 847, 848 (2d Cir. 1953). We are, of course, extremely reluctant to reverse a trial judge's assessment of the evidence. His conclusion that a verdict is not against the weight of the evidence is sustained unless "[w]e are of the opinion that . . . the undisputed evidence results in a verdict that is . . . without legal support [such that] justice requires a new trial despite counsel's failure to move for a directed verdict prior to submission of the case to the jury." *Oliveras v. American Export Isbrandtsen Lines, Inc., supra* at 817. Thus, in the proper case we have both the power and the duty to order a new trial either where the evidence is insufficient to support a verdict or where a verdict is clearly against the manifest weight of the evidence. *Eastern Airlines v. Union Trust Co.*, 239 F.2d 25 (D.C. Cir. 1956), *cert. denied*, 353 U.S. 942 (1957); *Georgia-Pacific Corp. v. United States*, 264 F.2d 161, 165-66 (5th Cir. 1959); *Hatfield v. Seaboard Airline R.R. Co.*, 396 F.2d 721 (5th Cir. 1968); *Oliveras v. American Export Isbrandtsen Lines, Inc.*, 431 F.2d 814 (2d Cir. 1970).

The jury's task was to determine whether the county, in the face of the reasonably foreseen risks, acted as would a reasonable man. Our task on review is to determine whether their decision on that issue was clearly erroneous. We believe that the evidence presented below was evenly balanced. The pit which resulted in the injury consisted of a half dozen concrete blocks lying directly on the ground and arranged

---

[1]*Pooler v. Stewarts' Pharmacies, Ltd.*, 42 Haw. 618 (1958), and *Sheraton Hawaii Corp. v. Poston*, 51 Haw. 142, 454 P.2d 369 (1969), do not warrant a different conclusion. In those cases we held that we would not enter a judgment in favor of a party who had not moved for a directed verdict. While the failure to move for a directed verdict might be considered a waiver of the right to ask for entry of a judgment, it cannot be considered a waiver of the right to request a new trial.

in the shape of a "U." Fires could be built in the center of the "U." Some of the blocks may have been chipped in some places. The pits were completely open in front, and pictures taken after the accident showed ashes spilled onto the ground. Obviously the pits were not of the safest design possible.

Despite this evidence, the jury found that the county had not been negligent in maintaining the pits. Though the case is a close one, we hold that the verdict was not against the manifest weight of the evidence. The county's evidence showed that the pits were frequently inspected and cleaned. The pits were completely visible. The jury might reasonably have concluded that children who were incapable of recognizing the dangers presented by the pits would be closely supervised by their parents so that the risk would not have been foreseen by a reasonable man.[2]

Finally, we do not believe that this is a proper case for the application of the doctrine of strict liability. Apart from the technical issue raised by the fact that no instruction on strict liability was requested below, and that the plaintiff's attorney failed to brief and argue this question on appeal, we do not believe that the barbecue pits were so dangerous that the county should be strictly liable for plaintiff's injuries.

Affirmed.

*Myer C. Symonds (Bouslog & Symonds* of counsel) for plaintiffs-appellants.

*Harold Hu,* Deputy Corporation Counsel *(Wilfred Iwai,* Deputy Corporation Counsel, and *Paul Devens,* Corporation Counsel, on the brief, for defendant-appellee.

DISSENTING OPINION OF LEVINSON, J., WITH WHOM RICHARDSON, C.J., JOINS

I dissent.

---

[2]We are not invoking the doctrine of contributory negligence. We are merely stating that it was not clearly erroneous for the jury to find that the county is not required to foresee that children incapable of recognizing the dangers posed by a completely visible barbecue pit would be in the park without close supervision by their parents.

I agree with the view expressed by the majority that the plaintiff's failure to move for a directed verdict in the circuit court posed no procedural obstacle to her right to seek a new trial on separate grounds. I also agree that the circuit court's denial of her motion for a new trial is subject to review by this court. Unlike the majority, however, I would hold that the jury's verdict absolving the City and County of Honolulu of negligence in the maintenance of the barbecue pit at Hanauma Bay was "clearly against the manifest weight of the evidence." I reach this result fully cognizant of the admonition in *Laudermilk v. Carpenter*, 78 Wash. 2d 92, 98, 457 P.2d 1004, 1008 (1969), that "it is not our province to indulge in conjecture as to the thought processes of juries or to change the law to accommodate our view of the facts in a particular case." Contrary to that court's opinion, however, I believe that it is the very essence of the appellate judicial function "to correct the decision of a callous and unthinking jury who may well have substituted . . . their own practices, for that of the reasonably prudent man." *Id.* I would reverse the circuit court's order denying the plaintiff's motion for a new trial.

In the absence of a requested instruction on strict liability, the circuit court properly instructed the jury that the duty of ordinary care which the city and county owed "the public rightfully using" the park is relative and depends upon circumstances, "increasing or decreasing in proportion of the danger that should reasonably be apprehended."

In *Wax v. City & County of Honolulu*, 34 Haw. 256, 259 (1937), this court recognized that:

Municipal parks in addition to their esthetic value are natural playgrounds for children. It is essentially for their use that public parks are established and maintained. Hence it is that the degree of care required by the municipality to keep its public parks in a reasonably safe condition for children must be consistent with its use by children possessing only the instincts and lacking in the discretion and restraint by which their immaturity is marked.

Stated another way, the duty of care which the city and county owed to Jill Petersen, a 22-month old child, in taking reasonable precautions to protect her from harm was proportioned to her inability to foresee and avoid the perils which she might encounter while playing in a place where she not only had a right to be, but which was specifically designed for her use. *See Grace v. Kumalaa,* 47 Haw. 281, 285, 386 P.2d 872, 875 (1963); RESTATEMENT (SECOND) OF TORTS §§ 339, 343B, and § 339, comments *e* and *j* (1965).

Measured by the aforementioned standard, the city and county failed to exercise ordinary care with regard to protecting young children from suffering foreseeable injury in the public park where Jill Petersen was injured. The record indicates that the plaintiff suffered her injuries when she stepped into some ashes which were either in a barbecue pit or scattered about the grassy area surrounding it. The pit, which was built of hollow tile in the shape of a U, was about 10 inches high and completely open and practically level with the ground on the fourth side. There was testimony that the pits were "checked" daily by the senior grounds keeper and inspected at least weekly by the district parks supervisor. However, the senior grounds keeper testified that the pits were cleaned of ashes only on a biweekly basis. Both the district parks supervisor and the superintendent of operations and maintenance testified that they frequently observed gray matter resembling ashes scattered around the pit while accompanying the grounds keeper on inspection tours. At the time of the accident, no sign which might have alerted the parents marked the location of the pit. No screen had been placed on or around the pit to prevent ashes from spilling. The pit had not been fenced off in such a way as to prevent small children from walking into or touching the pit or the ashes. In short, instead of taking any effective measures to protect small children from serious injury, the pit which the city and county maintained at Hanauma Bay, as in *Tucker Brothers, Inc. v. Menard,* 90 So.2d 908, 911 (Fla. 1956), "merely served as an invitation that in effect led the child into what might be termed a 'booby trap.' "

This in my view amounts to negligence as a matter of law. *See Wax v. City & County of Honolulu, supra* at 258.

Whether the plaintiff's mother was negligent in her supervision is irrelevant to the question of the existence and scope of the city and county's duty. *Thacker v. J. C. Penny Company,* 254 F.2d 672, 679 (5th Cir. 1958), *cert. denied,* 358 U.S. 820 (1958). A parent's primary duty to protect his child from injury does not mitigate the duty of the city and county to provide park facilities reasonably safe for the public, including small children, using them. Thus, if it is determined that the city and county failed to exercise ordinary care, any inquiry into the propriety of the parent's conduct is unwarranted except as to the issue of contribution, which is not involved in this appeal.