FRANK NAKAI HOOPII, Plaintiff-Appellant *v.* CITY AND COUNTY OF HONOLULU, a municipal corporation, and WILLIAM MONTEILH and CHARLES JENKS, Defendants-Appellees

No. 5190

June 20, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

*Per Curiam.* On July 18, 1970, an altercation, between Frank Hoopii and two policemen, who were investigating a reported accident, ended in the policemen arresting Hoopii for disorderly conduct. In the district court, Hoopii was charged with the offense of assault and battery, and was found not guilty.

Subsequently, Hoopii filed a civil action in the first circuit court alleging false arrest, assault and battery, and malicious prosecution against the two police officers and their employer, the City and County of Honolulu.

After the presentation of all evidence, defendant moved for a directed verdict. The trial judge denied the motion.

The jury then returned a verdict in favor of the plaintiff on the charge of malicious prosecution against the City and County in the sum of $2500. The individual policemen were found not liable on the charges of false arrest and battery

against the plaintiff.

Thereafter, the trial judge granted judgment in favor of the defendant City and County notwithstanding the verdict and simultaneously denied the plaintiff's motion for a new trial on the assault and battery issue.

On this appeal, plaintiff-appellant urges that the trial judge erred in granting judgment notwithstanding the verdict, and alternatively that, at the very least, he is entitled to a new trial on the assault and battery issue.

Reversible error does not result from the fact that a trial judge denies a movant's motion for a directed verdict, allows the case to go to the jury, and later, grants a judgment notwithstanding the verdict. H.R.C.P., Rule 50(b), provides:

"Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion."

The thrust of the rule is stated in Wright & Miller, *Federal Practice and Procedure*, Civil § 2521, at 537 (1971), as follows:

"Rule 50(b) allows the court to reserve the decision of this question of law until after the case has been submitted to the jury and they have reached their verdict or disagreed. If the court decides that a verdict should have been directed it may set aside the verdict of the jury and enter judgment notwithstanding the verdict. Thus it gives the trial court a last chance to order the judgment that the law requires."

Appellant's alternative contention, that the trial judge should have granted his motion for a new trial, is also without merit. The appellate standard for granting a new trial is that one party's evidence manifestly outweighs that introduced by the other party. *Petersen* v. *City and County of Honolulu*, 53 Haw. 440, 496 P.2d 4 (1972). Here, we cannot

say the judgment was against the manifest weight of the evidence.

Affirmed.

*David C. Schutter* for plaintiff-appellant

*Robert M. Rothwell*, Deputy Corporation Counsel (*P*... *Devens*, Corporation Counsel with him on the brief) for defendants-appellees