RICHARD BOYD FRY, Individually and as Temporary Administrator of the Estate of RICHARD CARL FRY, Deceased, and as Prochein Ami of ROBERT FRY, a minor, Plaintiffs-Appellants, *v.* NORA S. BENNETT, ROSAMOND S. MORGAN, FRANCIS S. MORGAN, RICHARD S. MORGAN and J. P. M. SWENSON, dba KUALOA RANCH, ABRAHAM AKAU and JOHN DOES I-X, Defendants-Appellees

NO. 5977

JUNE 23, 1978

RICHARDSON, C. J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

---

*Per Curiam*. This is an action for the alleged wrongful death of Richard Carl Fry, a minor. The suit was brought by his father, Richard Boyd Fry, individually and as temporary administrator of the minor's estate, and as next friend of the minor's brother, Robert Fry. The defendants, Nora S. Bennett, Rosamond S. Morgan, Francis S. Morgan, Richard S. Morgan, and J. P. M. Swenson, are the owners of Kualoa Ranch, of which defendant Abraham Akau was an employee. The plaintiffs' motions for summary judgment and for directed verdict were denied, and a jury eventually returned a verdict in favor of the defendants. The plaintiffs appeal from the judgment. Their principal contention is that the trial court should have found the defendants liable as a matter of law.

A summary judgment is analogous to a directed verdict. *State v. Midkiff*, 49 Haw. 456, 421 P.2d 550 (1966). The theory underlying a motion for summary judgment is substantially the same as that underlying a motion for a directed verdict. In both instances the movant is asserting that there is no genuine issue of material fact to be resolved by the factfinder and that he is entitled to judgment on the merits as a matter of law. 6 Moore, Federal Practice, § 56.04(2) (2d ed. 1976). Where, therefore, the proffered facts on a motion for summary judgment or the evidence at trial on a motion for directed verdict, and the inferences which may fairly be drawn from them, are reasonably susceptible to conflicting interpretations, neither the motion for summary judgment, *Packaging Products Co., Ltd. v. Teruya Bros. Ltd.*, 59 Haw. 64, 574 P.2d 524 (1978), nor the motion for directed verdict, *Young v. Price*, 47 Haw. 309, 388 P.2d 203 (1963), will be

granted. In deciding either motion the court will view the record in the light most favorable to the respondent. *Hing Bo Gum v. Nakamura,* 57 Haw. 39, 549 P.2d 471 (1976); *Young v. Price, supra.*

In this case the proof offered on the motion for summary judgment and the evidence on the motion for directed verdict are in pertinent respects similar. Both reveal in substance that the decedent, Richard Carl Fry, was eleven years old at the time of the accident. He was one of six foster children then living at Kualoa Ranch with the Akaus and their three natural children.

On the day of the decedent's injury defendant Akau was building a corral and was being assisted by several of the older boys. Richard was not one of those helping, but he had accompanied Mr. Akau and the other boys to the site. Parts of telephone poles, each eleven feet in length and weighing approximately two hundred pounds, were being used for the corral's vertical supports. These had been transported to the corral site on a flatbed truck. Two of the boys, James Lopez and James Aweau, were helping Mr. Akau maneuver and raise one of the poles to a vertical position near the edge of the first posthole. When that was done, Mr. Akau told the boys in a loud tone of voice to move away while he hung on to the pole. The two boys moved away as directed. Mr. Akau then hugged the pole with both arms and braced his right shoulder against its upper part, with the intention of inching it into the post-hole. While in the process of doing so, he lost his footing in the mound of dirt which had been created when the hole was dug. As a result, the pole slipped from his grasp and fell upon Richard who at that moment was standing about five feet away on Mr. Akau's blind right side.

The record is not clear as to exactly where Richard had come from and what he was doing at the time. What is certain from the evidence is that he was not at the posthole while Mr. Akau and the two boys were raising the pole to an upright position. Mr. Akau testified that although he thought Richard was with his son, Abraham, who had gone home to get his jacket, he did not really know where Richard was. It was only when he lost his grasp on the pole and he turned to his right

that he first saw Richard who was then about five feet away from him. He called out a warning but it was too late. He did not know from which direction Richard had come. James Lopez, age fifteen, testified that he and James Aweau were helping Mr. Akau position the pole. When Mr. Akau told them to move away both boys moved back. Lopez saw Richard only after the pole had struck him to the ground. He did not know exactly where Richard was before this happened. James Aweau, age seventeen, testified that while he and James Lopez and Mr. Akau were maneuvering the pole from the truck towards the posthole, Richard was playing around and about the other poles near the truck which had been parked a safe distance away from the hole. He did not see Richard before the pole hit him. Aweau was standing somewhere back of Mr. Akau when the accident occurred. He testified:

"Q. And then what happened — will you tell me what happened then?

"A. He [Abraham Akau] was putting the post in the hole and he told us to get away. And he said that several times. And myself, I was watching out for everybody, but Abraham put the post in and Richard Fry — I don't know what side he came in — I guess the right side, and the post hit him."

From these facts and the inferences that can fairly be drawn from them, valid factual arguments could reasonably be made for or against both of the plaintiffs' motions. Accordingly, whether losing his balance and allowing the pole to fall on the plaintiff's decedent was the result of negligent conduct on the part of defendant Akau, and whether his negligence, if found to exist, was a proximate cause of Richard Fry's injury, were questions of fact properly submitted to the jury. So, too, was the question of whether Richard Fry was negligent, and if so, whether his negligence was a proximate cause of his injury.

Affirmed.

*Paul E. DiBianco* for plaintiffs-appellants.

*Gary N. Hagerman* for defendants-appellees.