CAROL McCALL SWITZER, Plaintiff-Appellant, *v.* WILLIAM A. DREZEN, Defendant-Appellee, and VITO L. TALO, Defendant

NO. 6958

APRIL 8, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a directed verdict in favor of defendant-appellee which had been granted by the trial court at the close of the trial evidence.

The question presented is whether there was sufficient evidence of defendant-appellee's negligence presented to warrant allowing the case to go to the jury.

The facts are as follows: On October 1, 1975, at approximately 4:45 p.m., Plaintiff-Appellant Carol McCall Switzer and a companion, Pat Mullens, left Yamaha of Hawaii on Nimitz Highway, where they had been looking at motorcycles. Intending to catch a bus back to their duty station at Pearl Harbor Naval Base, and noting that there was a bus stop on the other side of Nimitz Highway from the Yamaha dealership, the young women set off across the highway at either "a fast walk" or a run.

Nimitz Highway at this point was four lanes wide, two heading Diamond Head, two Ewa, with a painted line in the center. There was neither a crosswalk nor a traffic light at this juncture.

The women reached the painted center line safely and paused there for a few seconds. Defendant Vito Talo, traveling Ewa in the left lane in his pickup truck, noticed them and came to a stop. Gesturing with his hand, he indicated to the women that they could cross in front of him. Ms. Mullens, running in front of her friend reached the other side of the highway in safety. Ms. Switzer, however, was struck by the car driven by Defendant-Appellee William Drezen and sustained serious injuries.

Conflicting evidence as to the actions of Mr. Drezen immediately prior to the collision was presented. At trial Mr. Wayne Yasue, an eyewitness, stated that when he first saw Mr. Drezen's automobile just before the accident, it was straddling the two Ewa-bound lanes and that "to me it looked like he was in the act of changing lanes"; Mr. Drezen testified that he never left the right-hand lane.

Police Officer Antone Hall testified that in a statement given to him by Mr. Talo immediately after the collision, Mr. Talo stated that Mr. Drezen's automobile had been traveling at a high rate of speed and that he did not think the vehicle would be able to stop in time; at trial Mr. Talo did not remember giving such a statement. Mr. Drezen and his wife testified that he had not exceeded the speed limit. Officer Roland Higa testified that he had measured the skid marks left by Mr. Drezen's vehicle and that they totalled fifty-four feet, thirty-four feet to the point of impact, then twenty feet beyond that. Mr. Drezen testified that his brakes were in working order. No

evidence was presented equating length of skid marks to probable speed.

In a motion for directed verdict, the movant is asserting that there is no genuine issue of material fact to be resolved by the fact finder and that he is entitled to a judgment on the merits as a matter of law. *Fry v. Bennett,* 59 Haw. 279, 580 P.2d 844 (1978). But if there is any substantial evidence that might support a verdict on each side, the case should be submitted to the jury. *Petersen v. City and County of Honolulu,* 53 Haw. 440, 496 P.2d 4 (1972).

The standard to be applied in Hawaii in determining the appropriateness and validity of a directed verdict is well-settled. Our supreme court has repeatedly stated:

" '[O]n motions for a directed verdict, the evidence and the inferences which may be fairly drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed and if the evidence and inferences viewed in that manner are of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue, then the motion should be denied and the issue should be submitted to the jury.' " [*State Savings & Loan v. Corey,* 53 Haw. 132, 488 P.2d 703 (1971), quoting from *Young v. Price,* 47 Haw. 309, 313, 388 P.2d 203, 206 (1963); *rehearing* 48 Haw. 22, 24, 395 P.2d 365, 367 (1964).]

*Farrior v. Payton,* 57 Haw. 620, 626, 562 P.2d 779, 784 (1977); *Wesco Realty Inc. v. Cameron,* 1 Haw. App. 81, 92, 614 P.2d 399, 402 (1980).

When the evidence in this case is viewed in the light most favorable to Ms. Switzer, we believe that a jury reasonably could have found defendant-appellee liable. Certainly the evidence presented questions that properly should have been submitted to the jury for resolution rather than being resolved (by the trial court) by way of a directed verdict.

Accordingly, we reverse and remand.

*Charles R. Kozak* for plaintiff-appellant.

*Willson C. Moore, Jr. (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for defendant-appellee.