**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000042
25-MAR-2025
08:28 AM
Dkt. 59 SO**

NO. CAAP-22-0000042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HEATHER HARKNESS-PASTRANA,
Plaintiff-Appellant,
vs.
ABRAHAM RASOS, DOE CORPORATIONS 1-5, DOE ENTITIES 1-5,
JOHN DOES 1-5, JANE DOES 1-5,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL CASE NO. 2CC181000105(1))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant Heather Harkness-Pastrana

(**Harkness-Pastrana**) appeals from the October 28, 2021 Judgment

(**Judgment**) entered by the Circuit Court of the Second Circuit

(**Circuit Court**) in favor of Defendant-Appellee Abraham Rasos

(**Rasos**) at the conclusion of a jury trial.[1]  Harkness-Pastrana

also challenges the February 7, 2022 Order Denying [Harkness-

Pastrana's] Non-Hearing Motion to Set Aside Verdict and Judgment

and for New Trial (**Order Denying Motion to Set Aside Verdict**).[2]

---

[1]     The Honorable Rhonda I.L. Loo presided.

[2]     The Honorable Kirstin Hamman presided.

Harkness-Pastrana raises five points of error on appeal, contending that: (1) the jury's verdict that Rasos's negligent conduct was not a substantial factor in causing harm to Harkness-Pastrana was in error and so manifestly against the weight of the evidence as to indicate bias, prejudice, passion, or misunderstanding of the charge of the Circuit Court; (2) the Circuit Court erred by refusing to examine Rasos to assess his English proficiency and by refusing Harkness-Pastrana's request for an interpreter; (3) the Circuit Court erred in sustaining Rasos's objection to asking him leading questions; (4) the Circuit Court erred in prohibiting impeachment of Rasos and/or refreshing his recollection with the use of his deposition transcript; and (5) the Circuit Court erred in prohibiting Harkness-Pastrana from mentioning insurance.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Harkness-Pastrana's points of error as follows:

(1) This case stems from an accident on Maui involving four cars driven by Rasos, Harkness-Pastrana, and two other drivers, Benjamin Selove (**Selove**) and Dariush Tajbakhsh (**Tajbakhsh**). At the time of the accident, Rasos was in the first car and was rear-ended by Selove when Rasos braked abruptly. Harkness-Pastrana was behind Selove, and slammed on her brakes, averting a collision with Selove. However, Tajbakhsh hit the rear corner of Harkness-Pastrana's vehicle, despite braking

sharply and turning the wheel to try to avoid Harkness-Pastrana's vehicle.

The jury found that Rasos was negligent.  However, the jury also found that Rasos's negligence was not a substantial factor in causing harm to Harkness-Pastrana, that zero percent of Harkness-Pastrana's alleged personal injury damages were caused by the collision, and that Harkness-Pastrana was entitled to zero special damages and zero general damages.

Harkness-Pastrana argues, *inter alia*, that the verdict rendered was against the manifest weight of the evidence because the other drivers testified that Rasos caused the collision, and Harkness-Pastrana's physician witnesses opined that her injuries were caused by the collision.  In support of this argument, however, Harkness-Pastrana points almost exclusively to evidence concerning Rasos's negligence leading to the accident, including his lack of candor and inconsistent testimony.  In addition, Harkness-Pastrana makes limited references to the supportive testimony of Dr. Thomas Rogers, a neurosurgeon who first saw Harkness-Pastrana three months after the collision, and Dr. Brian Teliho, a psychiatrist who first evaluated Harkness-Pastrana about a year and a half after the accident, following a referral from her attorney for depression after a suicide attempt.  It is undisputed, and evident in the record, that both doctors testified that in their medical opinion, the collision was a substantial factor in the conditions they diagnosed.

Nevertheless, the jury was entitled to determine the cause of Harkness-Pastrana's injuries, not the medical witnesses,

as the jurors are the sole judges of all disputed facts and they are free to discredit or discount the doctors' testimonies. See, e.g., Dzurik v. Tamura, 44 Haw. 327, 330, 359 P.2d 164, 165 (1960) ("[i]t is for the trier of facts, not the medical witnesses, to make a legal determination of the question of causation."); Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 117-18, 58 P.3d 608, 628-29 (2002); Weite v. Momohara, 124 Hawai'i 236, 254, 240 P.3d 899, 917 (App. 2010). The denial of a motion for new trial will not be disturbed absent a clear abuse of discretion. Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 251, 948 P.2d 1055, 1092 (1997); see also Petersen v. City & Cnty. of Honolulu, 53 Haw. 440, 441, 496 P.2d 4, 6 (1972) (discussing when a verdict is clearly against the manifest weight of the evidence).

Here, there was substantial evidence presented to the jury from which a reasonable person could conclude that Rasos's negligent conduct was not a legal cause of Harkness-Pastrana's injuries, including evidence concerning Harkness-Pastrana's pre-existing degenerative spinal conditions, the amount of damage to Harkness-Pastrana's vehicle, her declination of ambulance transport and delayed treatment, testimony that she fell out of bed the next day and had severe lower back pain, testimony concerning Harkness-Pastrana's other activities (avid horseback riding) that involve lower back trauma, other family-related trauma, activities and post-collision events that might have caused injuries, testimony that might have caused a reasonable juror to discredit Harkness-Pastrana's testimony, and the

4

possibility that the jury could have determined that Harkness-Pastrana's injuries were caused by Tajbakhsh, notwithstanding Rasos's negligence. Accordingly, based on the record in this case, we cannot conclude that the Circuit Court abused its discretion when it entered the Order Denying Motion to Set Aside Verdict.

(2-5) Harkness-Pastrana prevailed on the issue of Rasos's negligence – the jury found that he was negligent. Harkness-Pastrana's remaining points of error are nevertheless directed at assertions of error concerning proof that Rasos was negligent. We cannot discern any argument as to how these assertions of error have any connection whatsoever to the causation issue which underlies the jury verdict against Harkness-Pastrana. Thus, any error would be harmless and we cannot conclude that Harkness-Pastrana is entitled to relief from the jury's verdict based on her remaining arguments.

For these reasons, the Circuit Court's October 28, 2021 Judgment and February 7, 2022 Order Denying Motion to Set Aside Verdict are affirmed.

DATED: Honolulu, Hawaiʻi, March 25, 2025.

On the briefs:

Matson Kelley,
Alex Wilkins,
(Kelley & Wilkins),
for Plaintiff-Appellant.

Thomas Tsuchiyama,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge