Albert R. DAVIS, to his own use and to the use of Liberty Mutual Insurance Company, Plaintiff,

v.

NAVIERA AZNAR S. A., Defendant and Third-Party Plaintiff,

v.

JOHNS HOPKINS HOSPITAL

and

Dr. Hugh J. Jewett, Third-Party Defendants.

Civ. A. No. 13869.

United States District Court
D. Maryland.

April 6, 1965.

Jervis Spencer Finney, Baltimore, Md., for third-party plaintiff.

G. C. A. Anderson, Baltimore, Md., for third-party defendants.

WINTER, District Judge:

In a suit by a longshoreman against the ship owner, in which the longshoreman sought to recover damages because of alleged unseaworthiness on the part of the ship, the ship owner filed a third-party complaint against Johns Hopkins Hospital and Dr. Hugh J. Jewett. The ship owner alleged that if the plaintiff were injured, as he alleged, " * * * said injuries were or may have been due to the failure of third-party defendants or either of them to perform their services in a reasonably careful manner as they were obligated to do," so as to give rise to a claim for indemnity with regard to those injuries sustained by plaintiff for which defendant was liable but were actually caused by third-party defendants. The third-party complaint prayed that the ship owner have judgment against third-party defendants " * * * for all sums that may be adjudged against it in favor of the plaintiff, together with costs and attorneys' fees." *The third-party complaint contained a general demand for a jury trial.*

At trial the motion of Dr. Hugh J. Jewett for a judgment in his favor was granted at the close of the evidence. No evidence was offered on behalf of third-party plaintiff with regard to its attorneys' fees or other costs incurred in defending the suit. The case was submitted to the jury on special interrogatories, propounding questions of (1) whether plaintiff's injuries were sustained as a result of unseaworthiness of the ship, (2) if so, what were the total damages sustained by the plaintiff, (3) whether third-party defendant was negligent, and its negligence contributed to plaintiff's injuries and (4) if so, what part of the total damages sustained by plaintiff were attributable to the negligence of the third-party defendant. The jury found that plaintiff sustained injuries as a result of unseaworthiness of the ship, and assessed his damages at $10,000.00. The jury also found the third-party defendant, Johns Hopkins Hospital, negligent and assessed the ship owner's damages against the Hospital at $6,000.00. Upon return of the jury's answers, in open court, the views of counsel were solicited with regard to the judgments to be entered and, with the concurrence of counsel, the Court entered judgment for the plaintiff for $10,000.00 and costs, and judgment for the defendant and third-party plaintiff against third-party defendant, Johns Hopkins Hospital, for $6,000.00, with costs.

Thereafter, third-party plaintiff, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, moved to modify the judgment in its favor against third-party defendant, Johns Hopkins Hospital, so as to award the former three-fifths of its reasonable counsel fee and disbursements arising out of the proceedings. In support of its motion, third-party plaintiff argues that, if entitled to indemnity, it was entitled to recover a portion of its overall counsel fees and costs, and it asserts that the Court, under Rule 59(e), which permits a motion to alter or amend a judgment if made within ten (10) days after entry of the judgment, is authorized to receive evidence, make an award of counsel fees

and costs, and increase the judgment against Johns Hopkins Hospital accordingly.

Unquestionably, counsel fees and costs are allowable as items of damage in a third-party action which proceeds, as did the third-party action in the case at bar, on a theory of indemnification, General Electric Company v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (W.D.Va.1960), and authorities cited therein. It matters not that the claim for indemnity arises out of express or implied contract. The question to be decided thus becomes one of whether, where a general demand for a jury trial has been made, evidence of counsel fees and costs of litigation must be submitted to the jury, under proper instructions, for the determination of the jury in arriving at the total damages to be assessed against a third-party defendant and, failing that, whether after the verdict the Court can reopen it and add to the damages the third-party plaintiff shall recover.

In the case at bar a jury trial was prayed generally. During the course of the trial no stipulation was entered into reserving the question of counsel fees and costs as an element of damage should it be determined that third-party plaintiff was entitled to recovery for all or part of the damages for which it might be adjudged to be liable to plaintiff. Indeed, the point was not even mentioned. The Court recognizes the unseemliness of having counsel in a case tried before the jury depart from their role as advocates and appear as witnesses to testify as to the amount and reasonableness of their fee, and the Court would encourage counsel to enter into stipulations to submit such questions solely to the Court to obviate that result. Such is the usual practice in this Court. But, where such a stipulation was neither requested nor made, and where a demand for jury trial on all issues, including counsel fees and costs, was made, the Court concludes that it cannot take unto itself the decision of this question without the intervention of a jury over the objection of the third-party defendant.

Counsel have not cited, nor has the Court been able to find, any authority precisely on the point raised by defendant's motion. General Electric Company v. Mason & Dixon Lines, Inc., supra, is the closest case, but it appears from the opinion in that case in the Court of Appeals, General Electric Company v. Moretz, 270 F.2d 780 (4 Cir. 1959), rehearing den. 272 F.2d 624, cert. den. 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 546 (1960), that the only issue raised by the third-party action submitted to the jury was one of liability, and that the jury was not asked, as in the case at bar, at the instance of the third-party plaintiff, to fix damages. In American Export Lines, Inc. v. Revel, 266 F.2d 82 (4 Cir. 1959), the United States Court of Appeals for the Fourth Circuit, in affirming a judgment for indemnity, specifically left open for subsequent determination by the district court the question of including an allowance for attorneys' fees, but, here again, it does not appear that the third-party plaintiff or third-party defendant prayed a jury trial on the issue of damages in the suit for indemnity, or that the jury passed upon any question other than liability.

A comment of an eminent authority on federal practice seems pertinent. In 6 Moore's, Federal Practice, ¶59.12 [1], p. 3879, it is stated: "Rule 59(e) does not authorize the court to alter or amend a judgment entered upon a jury's verdict in any manner that would constitute a reexamination of the facts found by the jury in contravention of the Seventh Amendment," citing the Committee Note of 1946 with respect to the adoption of ¶(e) to Rule 59. What third-party plaintiff seeks here is tantamount to an additur, a practice prohibited under the Seventh Amendment, 6 Moore's, supra, ¶59.05[4]. The Court

concludes, therefore, that Rule 59(e) of the Federal Rules of Civil Procedure does not authorize it to amend the judgment in accordance with the motion of the third-party plaintiff.

The Clerk will enter an order denying the motion.