Fernando VARELA, Appellant,

v.

SAFEWAY STORES, INCORPORATED,
Appellee.

No. 6574.

Court of Civil Appeals of Texas,
El Paso.

April 6, 1977.

Zimmerman & Navarro, P. C., L. Taylor
Zimmerman, Edelmira Navarro, El Paso,
for appellant.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Michael D. McQueen, El
Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This case involves the question of irreconcilable conflicts in the jury's answers to special issues. The trial Court entered judgment for the Defendant. We affirm.

This is a personal injury case filed by the Appellant, Fernando Varela, against the Appellee, Safeway Stores, Incorporated, for damages as a result of an injury which Appellant sustained while a customer in Appellee's store. Plaintiff, as Appellant, assigns a single point of error that the

**358**

Court erred in failing to grant Appellant's motion to set aside the verdict of the jury and declare a mistrial and in entering judgment for the Appellee for the reason that the jury's answers to Special Issues Nos. 1 and 3 were in irreconcilable conflict.

Our concern is with Special Issues Nos. 1, 2, and 3, and they are as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that on the occasion in question the Defendant, Safeway Stores, Inc., created or kept a dangerous condition with regard to the dairy counter in question?"

To which the jury answered "No." The instruction was then:

"If you have answered "Yes" to the preceding question, then, but not otherwise, answer Issue No. 2.

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the Defendant company, Safeway Stores, Inc., failed to discover such condition, if any you have found, as a reasonable prudent person or company would have discovered under the same or similar circumstances?"

That Issue was unanswered.

"SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that such failure to discover, if any you have found, was a proximate cause of the occurrence in question?"

To which the jury answered "Yes."

For purposes of this opinion, we may assume that Special Issues Nos. 1 and 3 are, as contended by Appellant, in conflict. But the ultimate question is not whether the findings are in irreconcilable conflict; rather, the question is whether the conflict in the findings is fatal to the entry of judgment. That question is determined by the rule laid down in the case of *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949).

The rule there laid down is that to require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it. Under that rule, the assumed conflict in this case is fatal if ignoring the answer to Special Issue No. 3, the answer to Special Issue No. 1 and other Issues would require a judgment for the Defendant. On the other hand, would disregarding Special Issue No. 1 require a judgment for Plaintiff based on the answer to Special Issue No. 3 and the other Issues? Special Issues Nos. 1 and 3 appear to be in conflict, but the question is whether that conflict is fatal for purposes of entering a judgment. Appellant demonstrates conflict by showing that when we ignore Special Issue No. 1, Special Issue No. 3 standing alone establishes a cause of action because negligence is implied. Our conclusion is that any implied negligence is erased by a deemed finding by the Court in response to Special Issue No. 2.

Special Issue No. 2 was unanswered, and, ordinarily, Plaintiff would have been entitled to have it answered. But, having failed to object to its conditional submission, Appellant has waived the right to have it answered. Under the provisions of Rule 279, Tex.R.Civ.P., there is a deemed finding in support of the Court's judgment that there was no negligence in the failure of the Defendant to discover the condition. *Little Rock Furniture Mfg. Co. v. Dunn*, supra; *Bay Petroleum Corporation v. Crumpler*, 372 S.W.2d 318 (Tex.1963). With Special Issue No. 2 answered in the negative, there is no conflict which would prevent the entry of judgment on the verdict.

The judgment of the trial Court is affirmed.