LEON VIEAU, Plaintiff-Appellee, *v.* CITY AND COUNTY OF HONOLULU, ERASMO FIESTA, Defendants-Appellants, and JOHN DOES 1-10 and DOE CORPORATIONS 1-10, Defendants

NO. 7739

(CIVIL NO. 54646)

NOVEMBER 9, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This is a personal injury action. Defendants City and County of Honolulu (the City) and Erasmo Fiesta (Fiesta) appeal from the judgment in favor of plaintiff Leon Vieau based on a special jury verdict.

The basic issue is whether the answers given by the jury on a special verdict form were inconsistent and conflicting and, therefore, warranted a new trial or remittitur. We answer no, and affirm.

On April 30, 1977, plaintiff accompanied his friend, Vernon Correa, on the latter's pickup truck to a landfill maintained by the City and known as the Kailua dump. At the dump, plaintiff helped Correa unload rubbish from the truck. While standing on the ground toward the rear of the truck, plaintiff was struck by a bulldozer owned by the City and operated by Fiesta, its employee. Plaintiff sustained injuries which resulted in the amputation of his left leg.

On May 16, 1978, plaintiff filed suit against defendants. Defendants' answer alleged that plaintiff was contributorily negligent. Trial commenced on October 30, 1979. On November 8, 1979, the jury rendered its verdict on a special verdict form entitled "Verdict Upon Special Interrogatories" as follows:

1. Was Defendant City and County of Honolulu and/or Erasmo Fiesta negligent in the incident involving Leon Vieau on April 30, 1977?

Yes ___X___
No _____

If your answer to (1) is "yes", answer (2).

2. Was the negligence of Defendant City and County of Honolulu and/or Defendant Erasmo Fiesta a proximate cause of the incident involving Leon Vieau on April 30, 1977?

Yes ___X___
No _____

3. Was Plaintiff Leon Vieau negligent in the incident on April 30, 1977?

Yes ___X___
No _____

If your answer to (3) is yes, answer (4). If your answer to (3) is no, go on to question (6).

4. Was the negligence of Leon Vieau a proximate cause of such incident?

Yes _____

No __X__

If your answers to questions (2) and (4) were "yes", please answer question (5). If not, go on to question (6).

5. Assuming that 100% represents the combined negligence of Defendants Fiesta and City and County of Honolulu and of Plaintiff Leon Vieau, what percentage of such combined negligence is attributable to each?

| Defendants City and County of Honolulu and/or Fiesta | 83% |
|---|---|
| Plaintiff Leon Vieau | 17% |
| Total | 100% |

If your answer is that the Plaintiff was 51% or more negligent do not proceed any further. Otherwise, go on to question (6).

6. What are the amounts of damages sustained by Plaintiff Leon Vieau as a result of the incident on April 30, 1977?

| General damages | $100,000.00 |
|---|---|
| Special damages | $168,300.00 |

Based on the verdict, judgment of $268,300 was entered in favor of plaintiff on November 19, 1979.

On November 16, 1979, defendants filed a motion entitled "Motion for Judgment Notwithstanding the Verdict or in the Alternative for Remittitur."[1] After a hearing, the court entered its order denying defendants' motion. Defendants' appeal followed.

I.

Initially, we address the procedural problems involved in the case. The problems arose because defendants failed to move for a directed verdict at the close of all the evidence. Both Rules 50(b) and 59, Hawaii Rules of Civil Procedure (1980) (HRCP), are involved.

---

[1] Defendants' motion was served and filed prior to the entry of judgment. However, Rule 59, Hawaii Rules of Civil Procedure (1980) (HRCP), does not prevent the making of a motion prior to the entry of judgment. *See* 11 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2812 (1973).

## A.

Rule 50(b), HRCP, provides in part as follows:

Not later than 10 days after entry of judgment, *a party who has moved for a directed verdict* may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict . . . . [emphasis added]

Under Rule 50(b), HRCP, a timely motion for a directed verdict is a prerequisite to a motion for a judgment notwithstanding the verdict. *Stahl v. Balsara*, 60 Haw. 144, 587 P.2d 1210 (1978); *State v. Midkiff*, 55 Haw. 190, 516 P.2d 1250 (1973). Not having moved for a directed verdict after the close of the evidence, defendants were precluded from moving for a judgment notwithstanding the verdict.

However, defendants argue that the title to their motion was a misnomer and that the motion really was made pursuant to Rule 59, HRCP.[2] During oral argument, counsel for defendants stated that defendants' motion was based on Rule 59(a) (for new trial)[3] and on Rule 59(e) (to alter or amend judgment),[4] and in the alternative for remittitur under Rule 59.

We construe defendants' motion as asserting that the jury's finding that plaintiff's negligence was not the proximate cause of the accident was clearly against the weight of the evidence; that his negligence was responsible for 17% of the total damages of $268,300; and that, therefore, the judgment was excessive by 17% or $45,611. Defendants sought to have the judgment altered or

---

[2] The second paragraph of defendants' motion reads in part:

Pursuant to Rule 59, Hawaii Rules of Civil Procedure Defendants move for an order setting aside the verdict and judgment entered herein and for judgment notwithstanding the verdict. . . .

[3] Rule 59(a), HRCP, provides in part:

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State; . . . .

[4] Rule 59(e), HRCP, reads:

(e) *Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment.

amended, or in the alternative, to have the court order a remittitur.

A Rule 59(a), HRCP, motion is an appropriate vehicle to challenge the size of a jury verdict. *See* 11 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2807 (1973). If the trial court concludes that the verdict is excessive, it may order a new trial or a remittitur. The plaintiff then has the option of accepting the reduced amount of damages or proceeding to a new trial. *Id.* at § 2815. However, under a Rule 59(e) motion, we doubt whether a trial court has the authority to alter or amend a judgment by reducing the amount of damages awarded by a jury, for this may defeat plaintiff's right to trial by jury. *See* 6A MOORE'S FEDERAL PRACTICE ¶ 59.12[1] (2d ed. 1982). *Cf. Davis v. Naviera Aznar S.A.*, 37 F.R.D. 223 (D. Md. 1965) (Rule 59(e) of the Federal Rules of Civil Procedure did not authorize what amounted to an additur of the judgment).

Since defendants' motion was made "[p]ursuant to Rule 59," we consider it to be a Rule 59(a) motion for a new trial or, in the alternative, for remittitur.

### B.

Plaintiff contends that defendants' motion in effect sought a review of the evidence as to whether plaintiff's negligence was a proximate cause of the accident.

Citing *Sheraton Hawaii Corp. v. Poston*, 51 Haw. 142, 454 P.2d 369 (1969), plaintiff argues that, since defendants did not make a motion for directed verdict, the sufficiency of evidence on the question of proximate causation is not reviewable by this court. In *Sheraton Hawaii Corp., supra,* our supreme court stated:

> In *Pooler v. Stewarts' Pharmacies, Ltd.*, 42 Haw. 618, 620 (1958), this court warned that the sufficiency of evidence is not reviewable on appeal unless a motion for a directed verdict pursuant to Hawaii Rules of Civil Procedure, Rule 50(a) is made in the trial court. The reason given is that "[t]he party who makes no motion for a directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view."

*Id.* at 148, 454 P.2d at 373. *See also Pooler v. Stewarts' Pharmacies, Ltd.*, 42 Haw. 618 (1958), and *cf., Jacobson v. Yoon*, 41 Haw. 181 (1955).

However, in *Petersen v. City & County*, 53 Haw. 440, 496 P.2d 4

(1972), the court said:

> Since the motions for a directed verdict and for a new trial on the ground that the verdict is against the weight of the evidence raise different issues, a party's failure to move for a directed verdict cannot be deemed a waiver of the right to appeal from the trial court's denial of a motion for a new trial.

*Id.* at 441, 496 P.2d at 6 (citations omitted). Further, the court distinguished *Pooler v. Stewarts' Pharmacies, Ltd., supra,* and *Sheraton Hawaii Corp. v. Poston, supra,* by stating that those cases merely held that an appellate court "would not enter a judgment in favor of a party who had not moved for a directed verdict." A failure to move for a directed verdict "cannot be considered a waiver of the right to request a new trial."[5] *Petersen v. City & County,* 53 Haw. at 442, 496 P.2d at 6, n.1.

In light of *Petersen, supra,* we hold that despite the lack of a motion for a directed verdict, the denial of defendants' Rule 59(a) motion for new trial is reviewable by this court.

## II.

Defendants make a two-pronged argument. First, defendants assert that the jury's answers to Questions 4 and 5 in the special verdict form were inconsistent because its finding of plaintiff's negligence in Question 3 could not simultaneously be a part of the "combined negligence" as found in Question 5 and not be a proximate cause of the accident in Question 4, that the inconsistency was irreconcilable, and that the trial court erred in not granting a new trial. Second, defendants claim that the jury misunderstood what "proximate cause" meant, and since plaintiff's negligence was found to be a part of the "combined negligence" in Question 5, the trial

---

[5] 6A MOORE'S FEDERAL PRACTICE ¶ 59.04[5] (2d ed. 1982) states:

There is some authority for the proposition that having neglected to move for a directed verdict, the party is also precluded from relying on insufficiency of the evidence in a motion for a new trial. There is no more than scant textual authority for this holding, inasmuch as a motion for a new trial, not coupled with a motion for judgment n.o.v., is goverened [sic] by Rule 59 rather than Rule 50, and Rule 59 does not make a motion for a directed verdict a precondition to a motion for a new trial.

court should have substituted an affirmative answer for the negative answer in Question 4 and ordered a new trial or remittitur.

Plaintiff also presents a two-pronged argument. First, plaintiff contends that in answering Question 5, the jury disregarded the instruction appearing on the special verdict form preceding Question 5 and the jury instruction, *infra,* given by the court. Thus, the trial court properly ignored the answer to Question 5 as surplusage. Second, citing *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985 (1949), plaintiff argues that since Question 5 relates to "combined negligence" and not contributory negligence, the conflict in the answers to Questions 4 and 5 is not fatal because plaintiff's negligence neither contributed to nor proximately caused the accident.

We agree with plaintiff.

A conflict in the answers to questions in a special jury verdict form does not automatically warrant a new trial. A new trial will be ordered only if the conflict is irreconcilable. *Boudreau v. General Electric Co.,* 2 Haw. App. 10, 625 P.2d 384 (1981), *cert. denied,* 63 Haw. 675 (1981).

The conflict caused by the jury's answers to Questions 4 and 5 was not due to lack of instructions. The special verdict form explicitly stated that Question 5 was to be answered only if the answers to Questions 2 and 4 were "yes." If not, the jury was to go on to Question 6. Further, the trial court instructed the jury as follows:

The jury must determine whether any of the parties in this case was negligent and whether such negligence on part of the party was a proximate cause of the accident.

*       *       *       *       *.

In the event that you find that both Defendant and Plaintiff were negligent, *and that the negligence of each was a proximate cause of the accident,* you must determine the degree to which the negligence of each party contributed to the accident in terms of percentages.

Transcript, Vol. 5 at 599 (emphasis added).

During its deliberation, the jury asked the court for the meaning of the words "proximate" and negligence." The court reread the instructions relating to the definitions of those words. *See* Transcript, Vol. 5 at 619-20. There could have been no confusion as to

what "proximate cause" meant.

The instructions were adequate and unambiguous. In answering Question 5, the jury disregarded those instructions. Under the circumstances, the trial court could have treated the answer to Question 5 as surplusage and ignored it.[6]

The application of the test developed by the Texas judiciary resolves the conflict between the answers to Questions 4 and 5 in favor of plaintiff. In *Little Rock Furniture, supra,* a personal injury case, the court stated:

> [T]he court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered.

222 S.W.2d at 991. *See also Varela v. Safeway Stores, Inc.,* 550 S.W.2d 357 (Tex. Civ. App. 1977); *Bender v. Southern Pac. Transp. Co.,* 600 S.W.2d 257 (Tex. 1980).

Here, defendants were the parties challenging the verdict. Unlike *Little Rock Furniture* where the question concerning proximate causation was left unanswered, in this case the jury answered "no" to whether plaintiff's negligence was a proximate cause of the accident. If the answer to Question 5 is ignored, we are left with a verdict finding that plaintiff was negligent, but that his negligence was not a proximate cause of the accident. If we ignore the answer to Question 4, we have a verdict holding that plaintiff was negligent and that 17% of the "combined negligence" was attributable to plaintiff. Question 5 did not refer to contributory negligence or proximate cause. Since ignoring the answers to either Question 4 or Question 5 will not lead

---

[6] In its order filed on February 8, 1980, the trial court did not specify its reason for denying defendants' Motion for Judgment Notwithstanding the Verdict or in the Alternative for Remittitur.

to a judgment contrary to that entered by the trial court, there is no fatal conflict. Defendants failed to satisfy the Texas test.

Defendants argue that *Orwick v. Belshan,* 231 N.W.2d 90 (Minn. 1975), is a case on point and mandates a contrary result. *Orwick* was a personal injury action in which the six questions and answers on the special verdict form were very similar to those in the instant case. As in this case, in *Orwick* the jury found that plaintiff's negligence was not a proximate cause of his own injuries but, in the comparative negligence question, attributed a portion of the total causal negligence to plaintiff. The Minnesota Supreme Court held that the conflict should be resolved in favor of the defendant.

*Orwick* is distinguishable and inapposite. First, in *Orwick,* "in neither the special verdict form . . . nor in the court's instructions was the jury told the conditions under which they were to answer the comparative negligence question." *Id.* at 95. As discussed above, in this case, there were explicit instructions on the special verdict form preceding Question 5 and appropriate instructions to the jury by the court. Second, in *Orwick,* Question 5 read, "Assuming the total negligence *which contributed to produce the plaintiff's injuries* to be 100%, then what percentage thereof do you attribute: . . . (a) to defendant . . . (b) to plaintiff . . ." *Id.* at 93, n. 1 (emphasis added). In the case at bar, Question 5 stated, "Assuming that 100% represents the combined negligence . . . , what percentage of such combined negligence is attributable to each?" In *Orwick,* the "total negligence" was modified by the words "contributed to produce the plaintiff's injuries." In this case, the general term "combined negligence" was in no way connected to contribution to or proximate cause of the accident. Third, in *Orwick,* the court stated that the evidence established "as a matter of law, that the plaintiff's negligence was a proximate cause of his own injuries." *Id.* at 94. Our review of the evidence in the case indicates that the jury's special verdict as to proximate causation was not against the manifest weight of the evidence and not clearly erroneous. *See Petersen v. City & County, supra.*

We find no manifest abuse of discretion in the trial court's denial of defendants' Rule 59, HRCP, motion. *Harkins v. Ikeda,* 57 Haw. 378, 557 P.2d 788 (1976), *Cabral v. McBryde Sugar Co., Ltd.,* 3 Haw. App. 223, 647 P.2d 1232 (1982), *cert. denied,* 65 Haw. __ __ (1982).

Affirmed.

*Colleen K. Hirai (Edmund L. Lee, Jr.* and *Arthur Ripley, Jr.* on briefs), Deputy Corporation Counsel, City and County of Honolulu, for defendants-appellants.

*Walter G. Chuck (Han P. Ching* also on brief) for plaintiff-appellee.