882 P.2d 1047

Pascuala RAMOS, Plaintiff,

v.

Carmelo E. RODRIGUEZ, Defendant and Third–Party Plaintiff–Appellant,

v.

BERGER BRIGGS REAL ESTATE AND INSURANCE, INC., Third–Party Defendant–Appellee.

No. 15645.

Court of Appeals of New Mexico.

Aug. 17, 1994.

Steven J. Vogel, Albuquerque, for defendant and third-party plaintiff-appellant.

John A. Klecan, Emily A. Franke, Butt, Thornton & Baehr, P.C., Albuquerque, for third-party defendant-appellee.

## OPINION

DONNELLY, Judge.

Defendant Carmelo E. Rodriguez (the Landlord) appeals from a judgment entered following a jury verdict denying any recovery on the Landlord's third-party claim against Berger Briggs Real Estate and Insurance, Inc. (Berger Briggs). The Landlord raises three issues on appeal: whether the trial court (1) erred in not ordering a new trial or directing the jury to reconsider its verdict prior to its dismissal of the jury; (2) erred in determining that the jury verdict was not inconsistent; and (3) erred in submitting the special verdict form to the jury. We affirm.

## FACTS

Plaintiff, Pascuala Ramos (Ramos), a tenant, filed suit against the Landlord for injuries sustained when she fell through a broken step on a stairway in the Landlord's apart-

ment complex and was injured. The Landlord filed a third-party claim against Berger Briggs, alleging, among other things, that Berger Briggs negligently failed to procure liability insurance for his apartment complex.

Following a bench trial, Ramos was awarded a judgment against the Landlord for $50,000. That judgment was not appealed. Subsequent to the bench trial, the Landlord's third-party claim against Berger Briggs was submitted to a six-person jury. On August 12, 1993, at the conclusion of the jury trial, the jury returned a special verdict. The special verdict, as completed by the jury, read in pertinent part as follows:

Question No. 1: Was there a contract between Berger Briggs and [the Landlord] to provide liability insurance on 620 Cutler N.W., and did Berger Briggs fail to secure the liability insurance?

Answer:  NO  (Yes or No)

If your answer to QUESTION No. 1 is "No" you are to answer Question No. 3....

. . . .

Question No. 3: Was Berger Briggs negligent?

Answer:  YES  (Yes or No)

... If the answer to Question No. 3 is "Yes" you are to answer Question No. 4.

Question No. 4: Was the negligence of Berger Briggs a proximate cause of [the Landlord's] damages?

Answer:  NO  (Yes or No)

Please answer Question No. 5.

Question No. 5: Was [the Landlord] negligent?

Answer:  YES  (Yes or No)

... If the answer to Question No. 5 is "Yes" please answer Question No. 6.

[Question No. 6:] Was the negligence of [the Landlord] a proximate cause of his damages?

Answer:  YES  (Yes or No)

... If the answer to Question No. 6 is "Yes" please answer Question No. 7.

Question No. 7: Compare the negligence of the following persons and find a per-

centage for each. The total of the percentages must equal 100%.

| | |
|---|---|
| Berger Briggs | 33⅓% |
| [The Landlord] | 66⅔% |
| TOTAL | 100% |

The Court will apply the percentages which you have found to the damages as determined by the Court and will enter the appropriate judgment.

The percentages originally listed by the jury in their answers to Question No. 7 above were blacked out by pen and replaced with the numbers set out above. The jury foreperson wrote beside the percentages written above: "changed after review and unanimous."

After the special verdict was returned by the jury in open court, the judge read the verdict aloud and at the request of the Landlord polled the jury concerning its concurrence with the matters recited in the special verdict. The members of the jury each expressed their agreement. Six days later, on August 18, 1993, the Landlord filed a motion for judgment NOV, or alternatively, for a mistrial or new trial, and a motion for entry of judgment, claiming an inconsistency in the verdict. The trial court denied the Landlord's motions and determined that there was no inconsistency in the verdict, but merely a surplusage.

A final judgment dismissing the Landlord's third-party claims against Berger Briggs was entered on October 6, 1993.

*VALIDITY OF JURY VERDICT*

The Landlord variously argues on appeal that the trial court erred in not directing the jury to reconsider its verdict, the court erred in refusing to grant a judgment NOV or a new trial because of the jury's alleged inconsistent verdict, and the court erred in submitting the verdict form to the jury. Each of these contentions is a facet of the same question, namely, whether the trial court properly entered judgment denying the Landlord's third-party claims against Berger Briggs.

The principal focus of the Landlord's appeal centers on his claim that the special verdict form submitted by the judge omitted necessary language which thereby resulted

in a jury verdict that was contradictory and inconsistent on its face. The Landlord argues that because the verdict was inconsistent the trial court erred in not sending it back to the jury or granting the Landlord's motion for a new trial. For the reasons discussed herein, we find these arguments unpersuasive.

We first examine the Landlord's claim that he properly preserved his challenge to the form of the special verdict. He specifically argues that the jury was given a special verdict form with questions on his breach of contract claim and incomplete instructions on how the jury was to fill out and answer the comparative negligence issues. He argues he timely voiced these objections at the time the jury instructions were settled. The Landlord points to the instructions contained in SCRA 1986, 13–2220 (Repl.1991), Question No. 2, indicating that if the jury finds the negligence of the third-party defendant was not the proximate cause of plaintiff's injuries and damages, (1) they are not to answer further questions, (2) the foreperson must sign the special verdict, which constitutes a verdict for the defendant(s) and against the plaintiff(s), and (3) the jury is to return to open court.

The specific objection voiced by the Landlord at the settlement conference, however, indicates his objection was directed to the substantive provisions of the verdict—not its form. At the settlement conference, the Landlord's attorney stated:

> [We have] the same arguments about— in the special verdict.... I think it is incorrect because it requires the policy-holder in this case, client of [the] insurance agency, required him to do a lot of things that the case law does not require[ ] him to do. So, for that basis, I believe the special verdict is also incorrect, and holds him to the higher standard.
>
> THE COURT: *Basically, you're objecting to my inserting the comparative negligence in the case?*
>
> MR. VOGEL: *Correct.*
>
> THE COURT: The Record should reflect that you have fully noted that objection. Okay. I will not require a tendered instruction because all he is really doing is

asking me to strike your defense from the requested instruction and strike those interrogatories from the verdict form that goes to comparative negligence. He is agreeable to everything else. Let's not clutter up the Record. Counsel is not waiving his objection to documents tendered and instructions lacking those two things. [Emphasis added.]

■ Examination of the record indicates that the Landlord failed to object to the omission of specific language from the special verdict form prior to submission of the case to the jury, and he cannot now be heard to complain of this omission on appeal. *See Harrison v. ICX, Illinois–California Express,* 98 N.M. 247, 252, 647 P.2d 880, 885 (Ct.App.) (to preserve error in jury instructions, a specific objection calling the trial court's attention to the defect must be made prior to the time the jury retires to deliberate), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982).

■ Citing *Cowan v. Powell,* 115 N.M. 603, 604, 856 P.2d 251, 252 (Ct.App.1993), the Landlord also argues that when the verdict was returned it was inconsistent on its face, and the trial court erred in not directing the jury to retire and resolve the inconsistency or, in the alternative, ordering a new trial. He argues that, although he did not specifically request such relief prior to the jury's discharge, the trial court precipitously dismissed the jury and he did not have the opportunity to make such request following the return of the special verdict. We find this argument unpersuasive. The record shows that Judge Cole read the verdict aloud in open court following its return, and that he also polled the members of the jury at the request of the Landlord. Since the trial court agreed to poll the jury at the Landlord's request, the Landlord fails to satisfactorily explain why he did not also have the opportunity to ask the court to have the jury retire and reconsider the alleged inconsistency at the same time he requested that the jury be polled. *See Thompson Drilling, Inc. v. Romig,* 105 N.M. 701, 703, 736 P.2d 979, 981 (1987) (objection to verdict waived where party fails to make timely objection or request that jury clarify its verdict).

Even if we were to assume arguendo, however, that the Landlord had no opportunity to raise the issue before the jury was discharged, we think the trial court's decision entering judgment in favor of Berger Briggs is also subject to affirmance on alternative grounds. Under the doctrine of comparative negligence a finding of both negligence and proximate cause is a prerequisite to any allocation of fault against a defendant. *See Armstrong v. Industrial Elec. & Equip. Serv.,* 97 N.M. 272, 276, 639 P.2d 81, 85 (Ct.App.1981). Thus, even where there has been a determination of negligence, liability does not follow unless such negligence has been shown to be a proximate cause of the claimed damages. *See Fitzgerald v. Valdez,* 77 N.M. 769, 773, 427 P.2d 655, 657–58 (1967); *see also* SCRA 1986, 13–302A, –302B; 13–305 (Repl.1991). The jury, in its answer to Question No. 4 of the special verdict, found that any negligence on the part of Berger Briggs was not a proximate cause of any damages sustained by the Landlord.

The general rule applied by courts in other jurisdictions that have considered the effect of jury findings similar to those returned here, is that a finding that there was no proximate cause between the negligence of a defendant and the injuries suffered by a plaintiff, renders any additional jury findings concerning the allocation of the percentage of fault to be mere surplusage. *See Vieau v. City & County of Honolulu,* 3 Haw.App. 492, 653 P.2d 1161, 1166 (Ct.1982) (where jury found plaintiff negligent, but that his negligence was not a proximate cause of his accident, trial court properly treated jury's allocation of percentage of fault between plaintiff and defendant as surplusage); *Nania v. Pacific Northwest Bell Tel. Co.,* 60 Wash.App. 706, 806 P.2d 787, 788 (Ct.1991) (finding of proximate cause is necessary for allocation of fault with legal liability); *cf. Barnes v. Tools & Mach. Builders, Inc.,* 715 S.W.2d 518, 521 (Mo.1986) (en banc) (where jury returned general verdict for defendant and made an additional finding that plaintiff was 100% at fault, and defendant was 0% at fault, additional findings of jury held mere "surplusage"); *Jewelcor Jewelers & Distribs., Inc. v. Corr,* 373 Pa.Super. 536, 542 A.2d 72, 78 (Ct.1988) (if jury answers more questions than are necessary, remainder of responses

in special verdict form are surplusage); *American Recreational Mkts. Gen. Agency v. Hawkins,* 846 S.W.2d 476, 477 (Tex.Ct. App.1993) (when jury questions are conditioned on an affirmative answer to a prior question, negative answers to preceding questions renders subsequent findings improper, immaterial, or devoid of legal significance). *But see Orwick v. Belshan,* 304 Minn. 338, 231 N.W.2d 90, 94–95 (1975) (where special verdict of jury finds that party's negligence was not a proximate cause of his injuries, but attributes portion of total causal negligence to that party, and evidence establishes as a matter of law that his negligence was a proximate cause of his injuries, court should set aside negative answer and insert an affirmative answer).

Considering our Uniform Civil Jury Instructions on comparative negligence predicating liability upon the requirement that the fact finder determine that the plaintiff has proven *both* the negligence of the defendant and that one or more of the claimed acts of negligence proximately caused the plaintiff's damages, we think the general rule articulated above is also applicable in the present case. In order to recover on a tort claim alleging that a defendant negligently failed to procure a proper policy of insurance, a plaintiff must prove both negligence and proximate cause. *See Sanchez v. Martinez,* 99 N.M. 66, 69–70, 653 P.2d 897, 900–01 (Ct.App.1982). On appeal, the Landlord does not argue that the jury findings contained in the special verdict were not supported by the requisite evidence at trial.

Thus, we conclude that because the jury determined that any negligence by Berger Briggs was not a proximate cause of any damages to the Landlord, the allocation of the percentage of negligence was merely surplusage.

*CONCLUSION*

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.